NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1165
_____

UNITED STATES OF AMERICA

v.

SYLVESTER MARTIN,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-03-cr-00360-001)
District Judge:  Honorable Yvette Kane

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2017

BEFORE:  CHAGARES, JORDAN, and NYGAARD, *Circuit Judges*

(Filed: January 8, 2018)

_____

OPINION[*]
_____

NYGAARD, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Sylvester Martin appeals the District Court's order resentencing him to 50 months imprisonment. Counsel for Martin has moved to withdraw and filed an *Anders* brief, asserting that there are no nonfrivolous issues for appeal. *See Anders v. California,* 386 U.S. 738, 744 (1967). Martin did not file a pro se brief. We will affirm and grant counsel's motion to withdraw.

In the *Anders* context, we first ask whether "counsel adequately fulfilled [L.A.R. 109.2's] requirements." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). We next examine whether, after an independent review, the "record presents any nonfrivolous issues." *Id.* We examine not only whether counsel presents all issues that may be appealed, but also whether counsel explains both the best legal arguments that could be made and the faults with each that make them frivolous.

On August 30, 1998, Harrisburg police responded to a call that shots had been fired. Neighbors advised police that Martin discharged the gun. Police recovered a gun and spent shell casings from his front porch. Ballistics tests confirmed the casings came from this gun. Police arrested Martin, charging him with violating state law. He posted bail and then never appeared for arraignment. Police arrested Martin in Virginia, and he was extradited to Pennsylvania.

Martin's state court trial on the charges arising from the 1998 event ended in a mistrial because the jury saw Martin in handcuffs. After state prosecutors referred the case, the Federal Government indicted Martin on the charge of felon in possession of a firearm, under 18 U.S.C. § 922(g). After a two-day trial, a jury convicted Martin of this

crime.  The District Court sentenced him, under the Armed Career Criminal Act, to 276 months imprisonment.  18 U.S.C. § 924(e).  Martin appealed the judgment, but we affirmed the conviction and sentence.  *United States v. Martin,* 311 F. App'x 517 (3d Cir. 2008).

In 2014, Martin filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and it was dismissed.  Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), we granted permission for Martin to file a successive motion to correct his sentence under 28 U.S.C. § 2255.  The District Court considered the motion and ruled that, in light of *Johnson*, it must resentence Martin.  The Presentence Report recommended an offense level of 20 because of a prior conviction for murder.  Martin objected to this.  The District Court agreed with Martin and lowered the offense level to 16, with a criminal history category of VI.  The result was a Guidelines range of 46 to 57 months.

The District Court sentenced Martin to 50 months without any supervised release. It reached its decision after taking into account that Martin had already served 120 months, which exceeded the statutory maximum for his crime.  It also addressed the 18 U.S.C. § 3553(a) factors, noting in particular Martin's age and health.  Martin appealed.

Martin did not file a pro se brief.  But counsel explains that Martin wants to focus his appeal on the issues of wrongful conviction, his actual innocence, the jurisdiction of the federal court to convict him, a challenge to his sentence based on the lack of a competency evaluation, double jeopardy due to the state court mistrial, and a statute of limitations issue regarding his federal indictment.  As counsel correctly states, Martin

was granted a successive Section 2255 motion to correct his sentence focused solely on the impact of the Supreme Court's ruling in *Johnson* to his sentence: issues considered and ruled upon by the District Court. All of the other claims that Martin wants to raise are beyond the scope of his motion and cannot be considered.[1]

We conclude that counsel has adequately fulfilled the requirements L.A.R. 109.2. Counsel has not identified any non-frivolous appealable issues, and after conducting our review, we also have concluded that this record does not ground any non-frivolous issues.

For all of these reasons, we will affirm the order of the District Court and grant counsel's motion to withdraw.

---

[1] As counsel notes, given that all of these claims were addressed in his direct appeal of the conviction, or his prior Section 2255 petition, Martin would have to demonstrate in a separate filing a change in law or produce previously undiscovered evidence. He has not done so.